IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2007-3 HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2007-3, <br><br>    Plaintiff, <br><br> v. <br><br> JOSE LUIS SOSA, MARIA DELCARMEN GONZALEZ, JOANN JEANETTE SOSA, RICHARD SOSA III, CLARISSA SOSA, ESMERALDA SOSA, and MARISOL SOSA, <br><br>    Defendants. | Civil Action No. 2:22-cv-00015 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff U.S. Bank National Association, as Trustee, on behalf of the Holders of the Home Equity Asset Trust 2007-3 Home Equity Pass Through Certificates, Series 2007-3 ("Plaintiff or "U.S. Bank") complaining of Jose Luis Sosa and Maria DelCarmen Gonzalez, files this *Original Complaint*, and states as follows:

### I.    PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2. Juanita M. Sosa ("Decedent") was a borrower under the loan agreement described below. Decedent passed away on or about October 8, 2019. Upon information and belief, no probate is open for Decedent's estate in Val Verde County, Texas, the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this

proceeding as the personal representative of the Decedent's estate.

3.  Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's estate, including an undivided interest in the Property, immediately upon his death. Each Heir is made a party in this proceeding..

4.  Defendant Jose Luis Sosa is an heir and the son of Decedent. Jose Luis Sosa is a citizen of the state of Texas, and may be served with process at 112 West 4th Street, Del Rio, Texas 78840, or at any other place where he may be found. Summons is requested.

5.  Defendant Maria DelCarmen Gonzalez is an heir and the daughter of Decedent. Maria DelCarmen Gonzalez is a citizen of the state of Colorado, and she may be served with process at 7739 Middle Bay Way, Fountain, Colorado 80817, or at any other where she may be found. Summons is requested.

6.  Defendant Joann Jeanette Sosa is an heir and the granddaughter of Decedent. Joann Jeanette Sosa is a citizen of the state of Arizona, and she may be served with process at 2606 N. 44th Street, Apt. 513, Phoenix, Arizona, 85008, or at any other where she may be found. Summons is requested.

7.  Defendant Richard Sosa III is an heir and the grandson of Decedent. Richard Sosa II is a citizen of the state of Texas, and he may be served with process at 3014 Park Square Dr. Apt. 204, Irving, Texas 75060, or at any other where she may be found. Summons is requested.

8.  Defendant Clarissa Sosa is an heir and the granddaughter of Decedent. Clarissa Sosa is a citizen of the state of Texas, and she may be served with process at 1109 Avenue B, Del Rio, Texas 78840, or at any other where she may be found. Summons is requested.

9.  Defendant Esmerelda Sosa is an heir and the granddaughter of Decedent. Esmerelda Sosa is a citizen of the state of Texas, and she may be served with process at 1109

Avenue B, Del Rio, Texas 78840, or at any other where she may be found. Summons is requested.

10.     Defendant Marisol Sosa is an heir and the granddaughter of Decedent. Marisol Sosa is a citizen of the state of Texas, and she may be served with process at 1109 Avenue B, Del Rio, Texas 78840, or at any other where she may be found. Summons is requested.

## II.     PROPERTY

11.     This proceeding concerns the real property and improvements commonly known as 112 West 4th Street, Del Rio, Texas 78840 and more particularly described as follows:

> SURVEY PLAT SHOWING THE WEST 1/2 OF LOTS NO. 4 AND 5, BLOCK 26, FIRST RAILROAD ADDITION TO THE CITY OF DEL RIO, TEXAS.
>
> DESCRIBED BY METES AND SOUNDS AS FOLLOWS:
>
> BEGINNING AT AN IRON STAKE IN THE INTERSECTION OF THE SOUTHEAST LINE OF 4TH STREET AND THE NORTHEAST LINE OF AVENUE B FOR THE WEST CORNER OF LOT NO. 5 AND FOR THE WEST CORNER OF THIS TRACT;
>
> THENCE N.68"241'E. 70 FT. WITH THE SOUTHEAST LINE OF 4TH STREET TO AN IRON STAKE FOR THE NORTH CORNER OF THIS TRACT;
>
> THENCE S.21"36'W. 120 FT. TO AN IRON STAKE IN THE LINE BETWEEN LOTS NO. 3 AND 4 FOR THE EAST CORNER OF THIS TRACT;
> THENCE S.68"24'W. 70 FT. WITH THE LINE BETWEEN 3 AND 4 TO AN IRON STAKE IN THE NORTHEAST LINE OF AVENUE B FOR THE SOUTH CORNER OF LOT NO. 4, WEST CORNER OF LOT NO. 3 AND FOR THE SOUTH CORNER OF THIS TRACT;
>
> THENCE N.21"36'W. 120 FT. WITH THE NORTHEAST LINE OF AVENUE B TO THE PLACE OF BEGINNING
> (The "Property").

### III. DIVERSITY JURISDICTION AND VENUE

12. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

13. Plaintiff is a trustee of a mortgage-securitization trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). Plaintiff is a national banking association which is chartered and has its main office in Minnesota. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Minnesota for diversity purposes.

14. The named Defendants are individuals and citizens of the states of Texas, Colorado, and Arizona.

15. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

16. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that

will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

17. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Val Verde County Appraisal District values the Property at $91,219.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

18. Venue is proper in the Western District of Texas, Del Rio Division, because this suit concerns title to real property located in Val Verde County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

### IV.   FACTS

19. The foregoing paragraphs are incorporated by reference for all purposes.

20. On or about January 12, 2007, Decedent executed a *Texas Home Equity Note (Fixed Rate – First Lien)* ("Note"), originally payable to Resmae Mortgage Corporation ("Resmae") as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

21. Concurrently with the execution of the Note, Decedent executed a *Texas Home Equity Security Instrument (First Lien),* ("Security Instrument" and together with the Note,

"Loan Agreement"), as grantors, granting Resmae, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Val Verde County, Texas, as Document No. 231400 on January 19, 2007. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

22. The Security Instrument names Mortgage Electronic Recording Services ("MERS") as the beneficiary but solely as nominee for Resmae. Subsequently, MERS transferred and assigned the Loan Agreement to Plaintiff. The Corporate Assignment of Deed of Trust was recorded in the official public records of Val Verde County, Texas, as Document No. 2021-239614 on September 9, 2021. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as **Exhibit C**.

23. Plaintiff is the current legal owner and holder of the Note and beneficiary under the Security Instrument. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

24. Decedent passed away. Upon information and belief, no probate was ever opened for Decedent. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff.

25. Under the terms of the Loan Agreement, Decedent was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

26. The Loan Agreement further provides that should Decedent fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security

Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

27. The Loan Agreement is currently in default. On February 2, 2021, a *Notice of Default* was sent via certified mail to the Decedent's last known address, in accordance with the Loan Agreement and the Texas Property Code. The *Notice of Default* advised that in order to cure the default, a payment for the entire total amount past due, any amount in the interim must be received on or March 7, 2021, and that failure to cure the default on or before the date specified would result in acceleration of the sums secured by the Security Instrument and sale of the Property. A true and correct copy of the *Notice of Default* is attached hereto as **Exhibit D**.

28. The default was not cured, and the filing of this lawsuit hereby accelerates the balance due on the Note. *See Wilmington Trust, N.A. v. Rob,* 891 F.3d 174, 176-77 (5th Cir. 2018 *(citing Smither v. Ditech Fin., L.L.C.,* 681 F. App'x 347, 352 (5th Cir. 2017) ("Once the requisite notice of intent is provided, notice of acceleration may take the form of the filing of a foreclosure action.")

29. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V.  CAUSES OF ACTION

### A.  DECLARATORY JUDGMENT

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4),

and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

### B.  ENFORCEMENT OF STATUTORY PROBATE LIEN

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

34. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest

in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedent's debts.

### D. PUBLIC AUCTION

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

39. The foregoing paragraphs are incorporated by reference for all purposes.

40. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

41. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Val Verde County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

42. The foregoing paragraphs are incorporated by reference for all purposes.

43. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure.—Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

### G. WRIT OF POSSESSION

44. The foregoing paragraphs are incorporated by reference for all purposes.

45. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS' FEES

46. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil

Practice and Remedies Code §§ 37.009 and 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## I. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedents' right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

        Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    Attorney in Charge
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    State Bar No. 24093448
    Of Counsel
    nframe@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, P.C.**
    14160 North Dallas Parkway, Suite 900
    Dallas, TX 75254
    Telephone: 214-635-2650
    Facsimile: 214-635-2686

    **ATTORNEYS FOR PLAINTIFF**